FILED Rec'd 5/23/13
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y. KM

★ MAY 2 2 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

BRIDGET SMITH,

                Plaintiff,

v.

HBO,

                Defendant.

----------------------------------------------------------x

**MEMORANDUM & ORDER**
12-CV-2177 (MKB)

MARGO K. BRODIE, United States District Judge:

    Plaintiff Bridget Smith, proceeding *pro se*, brings a hostile work environment claim and a retaliation claim against Defendant Home Box Office ("HBO") alleging gender discrimination under Title VII of the Civil Rights Act of 1964. Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court heard oral argument on May 1, 2013. The Court grants Defendant's motion to dismiss the Complaint. Plaintiff has failed to state a claim upon which relief can be granted.

**I. Background**

    Plaintiff was hired as a database operations coordinator within the Network Quality Control Department of HBO in December 2005.[1] (Compl. ECF 5.)[2] Her supervisor at HBO, Alicia Davis, supervised Plaintiff and three other women. (*Id.*) According to Plaintiff, Davis mistreated Plaintiff and her other female co-worker, Yasmine Vigay, but not the other two

---

    [1] The facts alleged by Plaintiff are assumed to be true for the purpose of this motion.

    [2] Plaintiff did not number the pages of the Complaint or her papers submitted in opposition to the motion to dismiss. The Court therefore refers to the page numbers generated by ECF for pinpoint citations to her documents.

female workers. (*Id.*) Plaintiff alleges that all four women made mistakes, but Davis would admonish only Plaintiff and Vigay with "stern words and disdainful facial expressions like [they] were small children more than" her other two female co-workers. (*Id.*)

Plaintiff also claims that Davis made three inappropriate comments to her. First, in the spring of 2008, Davis asked Plaintiff if she was pregnant because she was angry at work. (*Id.*) Second, on November 11, 2008, Plaintiff came to work wearing makeup and Davis asked her why. (*Id.* at ECF 6.) When Plaintiff responded that she was wearing make up for a "photo shoot," Davis asked "Are they pictures you can talk about or not?" (*Id.*) Third, on November 19, 2008, during a conversation with Davis, Davis told Plaintiff "You should think about the last time that you had hot sex so I [sic] won't look angry when dealing with other people within the company and the media industry."[3] (*Id.*)

In mid-2008, Plaintiff's group received an oral warning for errors that could not be attributed to any one member. (*Id.*) On February 6, 2009, Plaintiff received an oral warning from Davis regarding a "mistake dealing with the Cingular mobile platform." (*Id.*) This oral warning was extended to a written warning.[4] (*Id.*) Plaintiff began to get more warnings from

---

[3] In her papers in opposition to the motion to dismiss, Plaintiff alleges that in addition to the above statements and expressions, her claim is based on "omissions of work related emails, meetings/conversations, inconsistent/unclear directives," "horrible, rude and condescending facial expressions" and being unfairly blamed for various incidents. (Pl. Opp. 3.) In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, a court "remain[s] obligated to construe a *pro se* complaint liberally"). Therefore, the Court construes Plaintiff's Complaint as having incorporated these additional facts.

[4] According to Plaintiff, pursuant to a written warning, the employee meets with the manager and the manger "clearly explain[s]: why the work is not up to standards, that this is the

Davis. (*Id.* at ECF 7.) Plaintiff alleges that "[p]rior to [her] oral warnings which were sporadic general reminders (nothing official) of double checking [her] work, [she] had conversations with HR rep Nancy Cotto" about a hostile work environment. It is unclear whether the oral warnings Plaintiff refers to are the group oral warning in the mid-2008 and her individual oral warning on February 6, 2009 or whether there were other oral warnings. (*Id.*) Although it is unclear when she started, Plaintiff began to email Cotto weekly to "keep her in the loop" about how Davis was treating Plaintiff differently than her other co-workers. (*Id.*) On March 17, 2009, Plaintiff sent Cotto an email that included references to Davis's "hot sex" comment and Davis's comment about the "photo shoot." (*Id.* at ECF 11.) Plaintiff did not tell Cotto about the pregnancy comment in any of her email correspondences. (*Id.*) Cotto promised to investigate Plaintiff's allegations. (*Id.* at ECF 7.) On April 6, 2009, Plaintiff met with Cotto who told her the investigation was inconclusive and that Davis had denied the "hot sex" comment. (*Id.*)

According to Plaintiff, after the investigation, Davis was "abrupt, rude, nasty, antagonist and argumentative." (*Id.*) Plaintiff was assigned to work on a spreadsheet project with a temporary employee. (*Id.*) An error was found in the spreadsheet, which occurred in the portion of the spreadsheet prepared by the temporary employee, and Plaintiff was unfairly blamed for the error. (*Id.*) As a result, the period of her written warning was extended. (*Id.*) Davis used this opportunity to blame Plaintiff in order to have Plaintiff terminated. (*Id.*) Plaintiff was terminated from HBO on May 9, 2009. (*Id.*)

---

beginning of a written warning and that unless work improves satisfactorily by a specified date, the employee will be dismissed." (Pl. Opp'n ECF 6.)

II. Discussion

   a. Standard of Review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Connecticut v. Am. Elec. Power Co.*, 582 F.3d 309, 320 (2d Cir. 2009)). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson*, 631 F.3d at 63 (quoting *Iqbal*, 556 U.S. at 678). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

   b. Hostile Work Environment

Plaintiff has failed to sufficiently plead a hostile work environment claim. "To state a hostile work environment claim, a plaintiff must plead facts tending to show 'that the complained of conduct: (1) is objectively severe or pervasive — that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's sex,' or another protected characteristic." *Robinson v. Harvard Prot. Servs.*, 495 F. App'x 140, 141 (2d Cir. 2012) (summary order) (quoting *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007)). Plaintiff must also plead enough facts that the hostile work

environment can be imputed to the employer in order to establish employer liability for hostile actions taken by its employees.[5] *Summa v. Hofstra Univ.*, 708 F.3d 115, 124 (2d Cir. 2013) ("In order to prevail on a hostile work environment claim, a plaintiff must make two showings: (1) that the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment and (2) that there is a specific basis for imputing the conduct creating the hostile work environment to the employer." (quoting *Duch v. Jakubek*, 588 F.3d 757, 762 (2d Cir. 2009))); *see also Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002). Plaintiff is not required to establish a prima facie case of her hostile work environment claim at this stage of the litigation; instead, she must plead facts sufficient to support the conclusion that she was faced with harassment such that "a reasonable employee would find the conditions of her employment altered for the worse." *Patane*, 508 F.3d at 113.

"While the central statutory purpose[ of Title VII was] eradicating discrimination in employment, Title VII does not set forth a general civility code for the American workplace." *Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 176 (2d Cir. 2012) (alteration in original) (citations and internal quotation marks omitted). "'[M]any bosses are harsh, unjust, and rude' but that fact alone does not give rise to a hostile work environment claim." *Deras v. Metro. Transp. Auth.*, No. 11-CV-5912, 2013 WL 1193000, at *8 (E.D.N.Y. Mar. 22, 2013) (quoting *Alfano v. Costello*, 294 F.3d 365, 377 (2d Cir. 2002)). The Second Circuit distinguishes between "[complaints of] sexual assaults; [other] physical contact[, whether amorous or hostile, for which

---

[5] Generally, "[a]n employer is presumptively liable for sexual harassment in violation of Title VII if the plaintiff was harassed not by a mere coworker but by someone with supervisory (or successively higher) authority over the plaintiff, although in certain circumstances an affirmative defense may be available." *Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 182 (2d Cir. 2012). Also, "an employer is strictly liable for supervisor harassment that 'culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment.'" *Penn. State Police v. Suders*, 542 U.S. 129, 129 (2004) (citations omitted).

5

there is no consent express or implied]; uninvited sexual solicitations; intimidating words or acts; [and] obscene language or gestures" and "the occasional vulgar banter, tinged with sexual innuendo, of coarse or boorish workers," which are not protected under the law. *Redd*, 678 F.3d at 177 (alteration in original) (citations omitted). "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment — an environment that a reasonable person would find hostile or abusive — is beyond Title VII's purview." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22 (1993). "Isolated incidents generally will not suffice to establish a hostile work environment unless they are extraordinarily severe." *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 547 (2d Cir. 2010). "In other words, '[s]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.'" *Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp. 2d 341, 350 (E.D.N.Y. 2008) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).

Plaintiff has failed to plead conduct that is either severe or pervasive, even accepting the additional facts pleaded in Plaintiff's opposition to the motion to dismiss, and this claim must therefore be dismissed. *Trachtenberg v. Dep't of Educ. of N.Y.C.*, No. 12-CV-7964, 2013 WL 1335651, at *9–10 (S.D.N.Y. Apr. 3, 2013) (dismissing the complaint on a motion to dismiss because the plaintiff's "allegations . . . that . . . she was subjected to excessive scrutiny; [the] principal . . . would 'frequently stand in the area and stare at [the plaintiff] in an effort to intimidate [her]'; she received negative performance evaluations and letters . . . that contained 'scurrilous charges'; she was moved to a poorly ventilated, windowless office; and she was refused training opportunities" were insufficient to sustain a hostile work environment claim); *Deras v. Metro. Transp. Auth.*, No. 11-CV-5912, 2013 WL 1193000, at *8 (E.D.N.Y. Mar. 22,

2013) (finding that the plaintiff's allegations of five separate incidents spanning four and half years were "insufficient to state a plausible claim that [the plaintiff's] workplace was so 'permeated with discriminatory intimidation, ridicule, and insult' so as to alter the conditions of his employment"); *Hunt v. Arthur Kill Corr. Facility*, No. 11-CV-2432, 2012 WL 7658364, at *6 (E.D.N.Y. Oct. 9, 2012) (The "plaintiff's allegations that one sergeant complimented her appearance on one occasion and another looks her up and down, do not state a plausible hostile work environment/sexual harassment claim."), *report and recommendation adopted*, No. 11-CV-2432, 2013 WL 828483 (E.D.N.Y. Mar. 6, 2013); *Chukwueze v. NYCERS*, 891 F. Supp. 2d 443, 445 (S.D.N.Y. 2012) (granting motion to dismiss where plaintiff alleged three incidents over the course of a year where he was chastised and berated in front of his coworkers because they "represent 'episodic' instances of 'mere offensive utterance[s]' and thus are neither severe nor pervasive enough to alter the conditions of his work environment" (alteration in original) (citations omitted)); *St. Louis v. N.Y.C. Health & Hosp. Corp.*, 682 F. Supp. 2d 216, 234 (E.D.N.Y. 2010) (holding that the plaintiff's bosses "isolated remarks — that she did not like working with a female and had never had a female assistant — amount to mere 'stray remarks' that do not constitute a hostile work environment"). The three comments made by Davis to Plaintiff are simply not sufficiently severe or pervasive to establish a hostile work environment claim.

Moreover, given that Plaintiff alleges that her female supervisor treated other females more favorably than Plaintiff, she has not sufficiently pled that any of her unfavorable treatment was due to her gender.[6] *Fattoruso v. Hilton Grand Vacations Co.*, 873 F. Supp. 2d 569, 578–79

---

[6] There are three ways that a plaintiff can show that same-sex harassment occurred because of gender: "A plaintiff can (1) provide 'credible evidence that the harasser was

(S.D.N.Y. 2012) (dismissing complaint where there was "nothing that indicates that plaintiff was treated 'unequally' based upon his gender" and because the complaint "fail[ed] to allege specific acts to support a claim that the work environment was hostile to *men* — 'unfairness' does not equate to hostility, no matter how inequitable" (emphasis in original)); *Dottolo v. Byrne Dairy, Inc.*, No. 08-CV-0390, 2010 WL 2560551, at *5 (N.D.N.Y. June 22, 2010) (dismissing the complaint because the plaintiff had failed "to allege facts plausibly suggesting that [the defendant] posited an unwelcome question to [the plaintiff] because of his sex"); *Krasner v. HSH Nordbank AG*, 680 F. Supp. 2d 502, 516 (S.D.N.Y. 2010) (dismissing the hostile work environment claim "because 'none of the alleged acts of harassment committed directly against [the plaintiff]' — either when viewed in isolation or in conjunction with any potential discrimination against women — 'support a claim that [he] is being harassed because he is a male employee.'").

Plaintiff was questioned extensively at a pre-motion conference and at oral argument as to whether there were any additional facts in support of her claim. The Court also explained to Plaintiff that unless she could allege that her treatment was as a result of her race, gender, or some other protected status, she could not meet her burden. Plaintiff informed the Court that there are no additional facts. The Court finds that, under these circumstances, allowing Plaintiff

---

homosexual;' (2) demonstrate that the harasser was 'motivated by general hostility to the presence of women in the workplace,' or (3) 'offer direct, comparative evidence about how the alleged harasser treated members of both sexes [differently] in a mixed-sex workplace.'" *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 299 (S.D.N.Y. 2011) (citations omitted); *see also Durkin v. Verizon N.Y., Inc.*, 678 F. Supp. 2d 124, 133 (S.D.N.Y. 2009) (discussing same sex sexual harassment).

8

to amend the Complaint would be futile.[7] Plaintiff's hostile work environment claim is therefore dismissed for failure to state a claim upon which relief can be granted.

### c. Retaliation

Claims of retaliation for engaging in protected conduct under Title VII are examined under the *McDonnell Douglas* burden shifting test. *McDonnell Douglas Corp. v. Green*, 411 U.S. 742, 802 (1973); *see Summa*, 708 F.3d at 125; *Fincher v. Depository Trust and Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010). Under the test, "[f]irst, the plaintiff must establish a prima facie case of retaliation. If the plaintiff succeeds, then a presumption of retaliation arises and the employer must articulate a legitimate, non-retaliatory reason for the action that the plaintiff alleges was retaliatory. If the employer succeeds at the second stage, then the presumption of retaliation dissipates and the plaintiff must show that retaliation was a substantial reason for the complained-of action." *Fincher*, 604 F.3d at 720 (citations omitted); *see also Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 568 n.6 (2d Cir. 2011) (discussing the burden shifting analysis in retaliation context); *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005) (same).

In order to establish a prima facie case of retaliation, a plaintiff must establish (1) participation in an activity protected by federal discrimination statute; (2) the defendant was aware of this activity; (3) an adverse employment action; and (4) a causal connection between the alleged adverse action and the protected activity. *Kelly v. Howard I. Shapiro & Assocs.*

---

[7] "[P]ro se litigants should be given leave to amend a complaint if 'a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Munoz-Nagel v. Guess, Inc.*, No. 12-CV-1312, 2013 WL 1809772, at *7 (S.D.N.Y. Apr. 30, 2013) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). However, where, as here, amendment would be futile, the Court is under no obligation to allow Plaintiff to amend. *See Cuoco*, 222 F.3d at 112 ("The problem with [the plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.").

*Consulting Eng'rs, P.C.*, No. 12-CV-3489, --- F.3d ---, 2013 WL 1776646, at *3 (2d Cir. Apr. 26, 2013) (per curiam) (citing *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012)); *Summa*, 708 F.3d at 125; *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 608 (2d Cir. 2006). A plaintiff is not required to specifically plead every element of a prima facie case to survive a motion to dismiss. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) ("The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement."); *Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008) ("We have stated that the *Swierkiewicz* holding applies with equal force to any claim that the *McDonnell Douglas* framework covers." (citations, internal quotations and alterations omitted)). Still, a plaintiff must plead facts sufficient to render his or her retaliation claim facially plausible under *Twombly* and *Iqbal*. *Kelly*, 2013 WL 1776646, at *2 (stating that a plaintiff pleading retaliation under Title VII must plead a claim that meets *Iqbal*'s facial plausibility test by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Boykin*, 521 F.3d at 215–16 (finding the plaintiff had pleaded facts sufficient to state a claim where she "provided the date and circumstances of the plaintiff's termination and alleged that employees of other nationalities were treated differently than plaintiff").

Assuming, without deciding, that Plaintiff has alleged that she engaged in protected activity,[8] the Complaint fails to sufficiently state a retaliation claim because Plaintiff has failed to

---

[8] It appears that under the current Second Circuit case law, Plaintiff's retaliation claim would also fail for failure to plead a protected activity. "An employee's complaint may qualify as protected activity, satisfying the first element of this test, 'so long as the employee has a good faith, reasonable belief that the underlying challenged actions of the employer violated the law.'" *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, No. 12-CV-3489, -- F.3d ---, 2013 WL 1776646, at *3 (2d Cir. Apr. 26, 2013) (per curiam) (quoting *Gregory v. Daly*, 243 F.3d 687, 701 (2d Cir. 2001)). "A plaintiff's belief on this point is not reasonable simply because he or she complains of something that appears to be discrimination in some form."

allege that Defendant knew she was making a claim based on gender. As part of Plaintiff's Complaint, she submitted her March 17, 2009 email to Cotto, in which she reported two of the three comments made by Davis. (Compl. ECF 10–11.) In the email Plaintiff refers to Davis's statements as "inappropriate, uncomfortable and unprofessional," but nowhere does she present Davis's comments as based on her gender.[9] (*Id.*) Thus, Plaintiff has failed to allege that Defendant had any knowledge of Plaintiff's alleged protected activity.[10] *Kelly*, 2013 WL 1776646, at *6 ("[E]ven if [the plaintiff] had possessed such a belief, nothing in her behavior, as described in her complaint, would have allowed her employer to 'reasonably have understood[ ] that [the plaintiff's] opposition was directed at conduct prohibited by Title VII.'" (citations omitted)); *Majeed v. ADF Cos.*, No. 11-CV-5459, 2013 WL 654416, at *12 (E.D.N.Y. Feb. 20, 2013) (dismissing the complaint because the plaintiff had failed to allege that he told the defendant that the various alleged actions were "motivated in any way by discrimination" and "[s]imilarly, there is no basis from which to plausibly infer that plaintiff's complaints . . . in any way involved protests of statutorily prohibited discrimination"); *Krasner*, 680 F. Supp. 2d at 521 (dismissing retaliation claim where "[a]t no point [did plaintiff's internal complaint] express any

---

*Kelly*, 2013 WL 1776646, at *4. When nothing in the plaintiff's complaint of mistreatment indicates that the mistreatment is because of a protected trait, the Second Circuit has found that the plaintiff did not have a good faith belief that discrimination occurred. *Kelly*, 2013 WL 1776646, at *6 ("[I]t is difficult to see how [the plaintiff] could have had even a subjectively reasonable, good-faith belief that her conduct was protected. She made no complaints that suggested a belief that she was being discriminated against on the basis of any trait, protected or otherwise.").

[9] As discussed in the hostile work environment section above, the comments are neither severe nor pervasive enough to alter Plaintiff's terms of employment.

[10] In Plaintiff's opposition to the motion to dismiss, Plaintiff relies on Defendant's company policy to argue that Davis's actions were discriminatory and retaliatory. (Pl. Opp. 3.) However, a mere violation of company policy, without more, is not a sufficient basis for a Title VII action. *See, e.g., Fattoruso v. Hilton Grand Vacations Co.*, 873 F. Supp. 2d 569, 581 (S.D.N.Y. 2012); *Craig v. Yale Univ. Sch. of Med.*, 838 F. Supp. 2d 4, 6 n.1 (D. Conn. 2011).

11

concern over gender-based discrimination"). Plaintiff has failed to allege Defendant's knowledge of the alleged protected activity, since Plaintiff never complained of any gender discrimination. Therefore, Plaintiff's retaliation claim is dismissed for failure to state a claim upon which relief can be granted.

## III. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is granted in its entirety and the Complaint is dismissed. The Clerk of Court is directed to close this case.

SO ORDERED:

/S/ Judge Margo K. Brodie

MARGO K. BRODIE
United States District Judge

Dated: May 22, 2013
      Brooklyn, New York